UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

THOMAS EVERITT BROWN, IV,

    Petitioner,

v.                                                            Case No. 5:20-cv-117-TKW-MJF

RICKY D. DIXON,[1]

    Respondent.
_____/

## ORDER and
## REPORT AND RECOMMENDATION

Petitioner Thomas Everitt Brown, IV has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. Doc. 1. Respondent ("the State") responded, providing relevant portions of the state court record. Doc. 7. Brown replied. Doc. 11. The undersigned concludes that no evidentiary hearing is required for the disposition of this matter, and that Brown is not entitled to habeas relief.[2]

---

[1] Ricky D. Dixon succeeded Mark S. Inch as Secretary of the Florida Department of Corrections, and is automatically substituted as the Respondent. *See* Fed. R. Civ. P. 25(d).

[2] The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

## I. Background and Procedural History

In Bay County Circuit Court Case No. 2010-CF-2443, Brown was convicted of the First Degree Felony Murder (Count I) and Aggravated Child Abuse (Count II) of his 20-month old son, Peyton Brown. Doc. 1 at 4; Doc. 7-1, Ex. A at 74 (Jury Verdict).[3] The trial court sentenced Brown to life imprisonment without parole for the Murder charge, and a concurrent term of 30 years of imprisonment for the Aggravated Child Abuse offense. Doc. 7-1, Ex. A at 80-86 (Judgment). The Florida First District Court of Appeal ("First DCA") affirmed the judgment on April 3, 2012, *per curiam* and without written opinion. *Brown v. State*, 93 So. 3d 1015 (Fla. 1st DCA Apr. 3, 2012) (Table) (copy at Doc. 7-6, Ex. M).

On March 22, 2013, Brown was resentenced for the Aggravated Child Abuse to 15 years of imprisonment, with all other terms of his sentence remaining the same. Doc. 7-7, Ex. N at 162-68 (Am. Judgment). The amended judgment was entered *nunc pro tunc* to March 22, 2011. *Id*. Brown did not appeal the judgment.

On February 22, 2013, Brown filed a *pro se* motion for postconviction relief under Florida Rule of Criminal Procedure 3.850, which he later amended. Doc. 7-7,

---

[3] Citations to the state court record are to the electronically-filed exhibits attached to the State's answer. Doc. 7. The court cites the docket entry number followed by the lettered exhibit and the page number according to the Bates stamp number appearing at the bottom of the page.

Ex. O at 188-209 (Second Am. Mot. for Postconviction Relief). The state circuit court denied relief, and the First DCA affirmed *per curiam*, without written opinion. *Brown v. State*, 177 So. 3d 252 (Fla. 1st DCA Oct. 22, 2015) (copy at Doc. 7-10, Ex. W). The mandate issued November 17, 2015. *Id*.

On October 29, 2018, Brown filed a second *pro se* Rule 3.850 motion based on newly discovered evidence of his innocence, namely, the affidavit of Kelvin J. Mack. Doc. 7-10, Ex. X at 10-24 (Mot. for Postconviction Relief Based on Newly Discovered Evidence); *Id*. at 27-40 (Am. Mot. for Postconviction Relief). The state circuit court summarily denied relief, finding that Brown's motion was procedurally barred and that Brown failed to satisfy Florida's exception for "newly discovered evidence." Doc. 7-10, Ex. X at 60-242; *Id*. at 61 (citing *Marek v. State*, 14 So. 3d 985, 990 (Fla. 2009)).[4] The First DCA affirmed *per curiam* and without written

---

[4] In *Marek*, the Florida Supreme Court held:

> To obtain a new trial based on newly discovered evidence, a defendant must meet two requirements. First, the evidence must not have been known by the trial court, the party, or counsel at the time of trial, and it must appear that the defendant or defense counsel could not have known of it by the use of diligence. Second, the newly discovered evidence must be of such nature that it would probably produce an acquittal on retrial. *See Jones v. State*, 709 So. 2d 512, 521 (Fla. 1998) (*Jones II* ). Newly discovered evidence satisfies the second prong of the *Jones II* test if it "weakens the case against [the defendant] so as to give rise to a reasonable doubt as to his culpability." *Jones II*, 709 So. 2d at 526 (quoting *Jones v. State*, 678 So. 2d 309, 315 (Fla. 1996)).

opinion. *Brown v. State*, 292 So. 3d 1146 (Fla. 1st DCA Feb. 19, 2020) (copy at Doc. 7-11, Ex. AA). The mandate issued April 9, 2020. *Id*.

Brown filed his *pro se* federal habeas petition on April 3, 2020. Doc. 1 Brown's petition raises one claim:

> THE TRIAL COURT'S SUMMARY DENIAL OF PETITIONER'S FLA. R. CRIM. P. 3850 AMENDED MOTION FOR POSTCONVICTION BASED ON NEWLY DISCOVERED EVIDENCE (ACTUAL, FACTUAL AND LEGALLY [sic] INNOCENCE) AND THE APPELLATE COURT'S PER CURIAM AFFIRMANCE ON APPEAL – RESULTING [sic] IN A DECISION THAT WAS CONTRARY TO, OR INVOLVED AN UNREASONABLE APPLICATION OF, CLEARLY ESTABLISHED FEDERAL LAW AND/OR WAS BASED ON AN UNREASONABLE DETERMINATION OF THE FACTS IN LIGHT OF THE EVIDENCE PRESENTED IN THE STATE COURT PROCEEDING.

Doc. 1 at 4. To support this claim, Brown alleges that the affidavit of Kelvin J. Mack provides "direct evidence" of his actual innocence; that he and his trial counsel could not have secured Mack's testimony at the time of trial even with diligence; and that Mack did not provide Brown with his affidavit until 2017. Doc. 1 at 5-6 & Ex. A (Mack Aff.).

The State asserts that Brown is not entitled to habeas relief because (1) his petition is barred by the one-year statute of limitations; (2) Brown's contention that

---

14 So. 3d at 990.

the state court erred when it determined that his allegations failed to satisfy Florida's newly-discovered-evidence standard raises a purely state-law issue that is not cognizable on habeas review; and (3) Brown's freestanding claim of actual innocence is not cognizable on habeas review. Doc. 7.

## II. DISCUSSION

This court does not need to decide the timeliness issue, because even if timely, Brown's actual innocence claim is not cognizable on federal habeas review. A state prisoner may pursue habeas relief in federal court "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

"[Eleventh Circuit] precedent forecloses habeas relief based on a prisoner's assertion that he is actually innocent of the crime of conviction 'absent an independent constitutional violation occurring in the underlying state criminal proceeding.'" *Raulerson v. Warden*, 928 F.3d 987, 1004 (11th Cir. 2019) (quoting *Brownlee v. Haley*, 306 F.3d 1043, 1065 (11th Cir. 2002)); *see also Cunningham v. Dist. Att'y's Off. for Escambia Cnty.*, 592 F.3d 1237, 1272 (11th Cir. 2010) ("[T]his Court's own precedent does not allow habeas relief on a freestanding innocence claim in non-capital cases."); *Jordan v. Sec'y, Dep't of Corr.*, 485 F.3d 1351, 1356 (11th Cir. 2007) ("[O]ur precedent forbids granting habeas relief based upon a claim

of actual innocence, anyway, at least in non-capital cases."). Because Brown does not allege an independent constitutional violation occurring in his underlying criminal trial, his freestanding actual innocence claim is not cognizable on federal habeas review. *See, e.g., Collins v. Sec'y, Dep't of Corr.*, 809 F. App'x 694 (11th Cir. 2020) (re-affirming that a freestanding actual innocence claim in a non-capital § 2254 petition is not cognizable on federal habeas review), *cert. denied sum nom. Collins v. Inch*, 141 S. Ct. 1123 (2021).

### III. CERTIFICATE OF APPEALABILITY IS NOT WARRANTED

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. *See* 28 U.S.C. § 2254 Rule 11(b).

"[Section] 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" *Miller-El*, 537 U.S. at 336 (quoting 28 U.S.C. § 2253(c)). "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the

district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" *Buck v. Davis*, 580 U.S. ___, 137 S. Ct. 759, 774 (2017) (quoting *Miller–El v. Cockrell*, 537 U.S. 322, 327 (2003)). Here, Petitioner has not made the requisite demonstration. Accordingly, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." 28 U.S.C. § 2254 Rule 11(a). If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

### IV.  CONCLUSION

It is **ORDERED** that:

1. The clerk of court shall change the docket to reflect that Ricky D. Dixon has been substituted as the Respondent in this action.

In addition, for the reasons set forth above the undersigned respectfully **RECOMMENDS** that:

1. The petition for writ of habeas corpus, Doc. 1, challenging the judgment of conviction and sentence in *State of Florida v. Thomas Everitt Brown, IV*, Bay County Circuit Court Case No. 2010-CF-2443, be **DENIED**.

2. The District Court **DENY** a certificate of appealability.

3. The clerk of court close this case file.

At Panama City, Florida, this 21st day of January, 2022.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**